UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MAYSHO MANGRA

                        Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER PATRICK
WERBER TAX I.D.NO. 921037, SERGEANT EDWARD
KANE TAX I.D. NO. 901752, POLICE OFFICER NANCY
ANTOINE SHIELD NO..17638 and UNIDENTIFIED
NEW YORK CITY POLICE OFFICERS,
EMPLOYEES AND AGENTS

                        Defendant(s).
------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**
**13 CV 7034 (PAE)**

**JURY TRIAL DEMANDED**

The plaintiff, complaining of the defendants, by his attorneys, BACHU AND ASSOCIATES, respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

## PARTIES

5    The plaintiff, MAYSHO MANGRA is a resident of the County of Queens in the City and State of New York and is a South Asian male.

6    Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of

the laws of the State of New York, and that at all times relevant defendants POLICE OFFICER PATRICK WERBER TAX I.D.NO. 921307, SERGEANT EDWARD KANE TAX I.D NO .901752, POLICE OFFICER NANCY ANTOINE Shield No. 17638 and UNIDENTIFIED POLICE OFFICERS, EMPLOYEES and AGENTS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

7       Upon information and belief, that at all times hereinafter mentioned, defendants were employed by the defendant, NYC, as members of its police department.

8       Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

9       The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

11      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors under the color of law.

## STATEMENT OF FACTS

12.     On or about January 17, 2013 at approximately 2:15 a.m., Plaintiff was approached by Defendant Police Officer Patrick Werber and Police Officer Nancy Antoine as he stood outside deli waiting for his friend to get money from an ATM machine across the street.

13   Defendant Police Officer. Patrick Werber showed Plaintiff a photo of an African-American male and asked him if he recognized him. Plaintiff stated that he did not because he did not live in the area..

14. Defendant Police Officer Patrick Werber asked Plaintiff to produce I.D.

15. Plaintiff questioned why Defendant Police Officer Patrick Werber why he wanted to see his I.D and told Defendant Police Officer Werber and unidentified black female police officer that he was a peace officer.

16. Defendant Police Officer Patrick Werber and Police Officer Nancy Antoine both told Plaintiff that they did not know what a peace officer was and proceeded to verbally insult Plaintiff.

17. Plaintiff's friend who had returned from the ATM machine across the street was given a ticket on his vehicle by Defendant Police Officer Patrick Werber and unidentified black female officer.

18.   When Plaintiff's friend questioned why he was given a ticket on his vehicle, he was told by defendant officers: "You can thank your friend and his mouth".

19   Plaintiff showed his I.D to Defendant Police Officer Patrick Werber.

20. Plaintiff and his friend thereafter attempted to leave the scene in the friend's vehicle which was parked right nearby.

21. Plaintiff and his friend were unable to leave the scene and drive away because they could not find the car keys.

22.  They exited the vehicle and proceeded to search for the car keys on the ground nearby believing that maybe the car keys had fell in a puddle.

23. As they were searching for the car keys, Defendant Police Officer Werber proceeded to tell Plaintiff: "Bounce or you are going under."

24. Defendant Police Officer Patrick Werber then proceeded to slam Plaintiff to the ground causing him to suffer bruising and cuts on his face..

25..Plaintiff was handcuffed face down on the ground by defendant Police Officer Patrick Werber who placed his knees on Plaintiff's back and neck.

26. As Plaintiff was being placed under arrest, Police Officer Nancy Antoine handed the "missing" car keys to Plaintiff's friend.

27. Plaintiff was taken to the 105th precinct where he was falsely charged with Disorderly Conduct and Resisting Arrest.

28..At the precinct, Plainitiff requested medical attention which was denied.

29. Plaintiff was released from Central Booking approximately twenty-four hours later

30. .Plaintiff appeared in court on March 5, 2013 and all the charges were dismissed via an Adjournment in Contemplation of Dismissal.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF- VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT- FALSE ARREST

31.. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subject to being falsely arrested by the defendants.

33. The defendants confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

34. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and authority of law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

35. The various defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to commence and/or continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

36. By reason of the false arrest, plaintiff was handcuffed, was subjected to pecuniary harms, spent time in jail, was prevented from conducting his normal affairs of business, and was subjected to numerous other harms.

37. That defendants who are supervisors within the NYPD who knew of the false arrest and continued to allow and/or participate and/or cause the arrest of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation, failed to remedy the wrong, are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment and via the principle of supervisor liability.

38. By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF- VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 AND THE FOURTH AMENDMENT VIA USE OF EXCESSIVE FORCE AND UNREASONABLE FORCE

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

40. That the Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. Section 1983, in that the Plaintiff was unlawfully subjected to excessive and unreasonable force by POLICE

OFFICER PATRICK WERBER TAX ID NO 921037 when he was pushed violently to the ground while being placed under arrest.

41. .That this assault and battery of the Plaintiff by POLICE OFFICER PATRICK WERBER TAX ID NO. 921037 was undertaken without any reasonable necessity to use any force much less the excessive force that was employed and used without legal justification, without plaintiff's consent , with malice and with intent to inflict pain and suffering.

42. That POLICE OFFICER NANCY ANTOINE SHIELD NO..17638 knew of the use of excessive force against Plaintiff and failed to act pursuant to her affirmative duty to intervene to protect the constitutional rights of Plaintiff from infringement by another law officer in her presence.

43. As a direct result of Defendant's actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly Plaintiff's right to be free from the use of excessive and unreasonable force.

44. That by reason of the unlawful use of excessive and unreasonable force, the Plaintiff was harmed physically causing Plaintiff to be subjected to physical pain, humiliation, embarassment and anxiety and to suffer a permanent facial scar on his face.

45. By reason of the aforesaid, the Plaintif is entitled to compensatory damages in a sum to be determined at trial, he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS BY THE CITY OF NEW YORK, i.e., MONELL CLAIM

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

47.   The plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

48.   Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of officers bringing false charges, and that there has been no meaningful attempt on the part of N.Y.C. to investigate or forestall further incidents..

49.   The NYPD as a *de facto* policy and practice fails to take disciplinary action against members of the NYPD who are dishonest in swearing to facts resulting in false arrests and malicious prosecutions and rarely, if ever, are officers disciplined for failing in their affirmative duty to intervene to prevent constitutional violations from taking place in their presence.

50   As a result of NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to, and did in fact, violate the plaintiff's rights.

51.   It is the routine practice of NYPD officers to fail to act on their duty to intervene to protect civilians whose civil rights are being violated by other officers in their presence.

52.   It is the routine practice of NYPD officers to retaliate against officers who speak up and/or act when they witness other officers violating civilians' rights.

53.   In the instant matter, due to the routine practices i.e., the *de facto* policies of the NYPD, officers who saw and/or knew of the plaintiff being falsely arrested and subjected to excessive force failed to intervene on his behalf.

54..   Despite being often alerted to the recurring aforementioned problems, the NYPD has remained deliberately indifferent to said problem and in so doing encouraged its officers to persist in their illegal, unconstitutional behavior.

55. By reason of the aforementioned, the plaintiff was subjected to great indignities, humiliation, anxiety, lost employment opportunities, was searched, strip searched, handcuffed, separated from his family and was subjected to numerous other harms.

56. By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff demand judgment against the defendants in compensatory and punitive damages in sums to be determined at trial on the First Cause of Action; in compensatory and punitive damages in sums to be determined at trial on the Second Cause of Action; and in compensatory damages in a sum to be determined at trial on the Third Cause of Action, along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiff's causes of action together with costs and disbursements of this action; a trial by jury of all issues alleged in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: February 10, 2014

Queens, New York

_____
DARMIN BACHU (DB-5392)
BACHU AND ASSOCIATES
Attorneys for Plaintiff
87-46 Van Wyck Expwy
Kew Gardens, N.Y. 11418
(718) 297-6400

To: Michael Cardozo
    Corporation Counsel City of New York
    100 Church Street
    New York, New York 10007